■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES MORGAN and LAVELL HARTWELL, Appellants.— Appeal by defendant Morgan from a judgment of the County Court, Westchester County, rendered August 7, 1962 after a jury trial (jointly with his codefendant Hartwell), convicting him of grand larceny in the first degree and of felonious possession of a weapon, and imposing sentence; and appeal by defendant Hartwell from a judgment of said court, rendered August 15, 1962, convicting him of burglary in the second degree, grand larceny in the first degree, unlawful possession of a weapon, and of unlawful possession of burglars' tools, and imposing sentence. Judgments affirmed. About 4:00 A.M., on June 29, 1961, both defendants were placed under arrest on Saw Mill River Road for speeding and driving without a license, and were thereafter taken to the police headquarters in the Town of Greenburgh, where they arrived about 4:30 A.M. When the defendants got out of their car at the police headquarters, the police officers noticed that defendants' pockets were bulging. In the headquarters, the defendants emptied their pockets of large quantities of money. A few minutes later, defendants' car was searched; more money, bank deposit slips, two fully loaded guns and a screw driver were found. In our opinion, a second arrest of the defendants occurred (the second arrest being for the crimes of which they were subsequently convicted), at the time of the detention of defendants in police headquarters. Probable cause existed for the second arrest by reason of all the events preceding defendants' coming to headquarters and the emptying of their pockets of large quantities of money, which made the search of their persons and their automobile incident to that arrest. This case is thus distinguished from *Preston* v. *United States* (376 U. S. 364), where the arrest was for vagrancy and the search was remote in time and place from the arrest. Hence, in the case at bar we hold that there were two separate arrests and that the legal search was incidental to the second arrest. It is also our opinion that the various counts in the indictment were properly joined (*People* v. *Manasek,* 20 A D 2d 661). Beldock,

P. J., Ughetta, Kleinfeld and Hill, JJ., concur; Rabin, J., dissents and votes to reverse the judgments and to grant a new trial as to both defendants, with the following memorandum: Although, on the record before us, there can be no question that the defendants' guilt was established beyond a reasonable doubt, it is my view that reversal is compelled by reason of the admission at the trial of evidence which was obtained as a result of an unlawful search and seizure in deprivation of the defendants' rights under the Fourth Amendment to the United States Constitution (*Mapp* v. *Ohio,* 367 U. S. 643). The automobile in which the defendants were found was searched without a warrant *after* defendants had been arrested, taken to the police station and placed in custody, and while the automobile was at rest in the parking lot or garage at the police station. In my opinion, such search was unlawful and hence, the evidence thus obtained was rendered inadmissible against them upon the trial (cf. *People* v. *Vitagliano,* 21 A D 2d 677). Such a conclusion is now mandated by the recent decisions of the Supreme Court of the United States (*Preston* v. *United States,* 376 U. S. 364; *Stoner* v. *California,* 376 U. S. 483). In those cases it was held that a search which is remote in time or place from the arrest violates the rule that a search without a warrant is to be deemed incidental to an arrest and lawful only if it is substantially contemporaneous with the arrest. "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest" (*Preston* v. *United States,* 376 U. S. 364, 367, *supra*). In the *Preston* case, which in my opinion cannot be distinguished from the case at bar, the search of the automobile was similarly not undertaken until after the defendants had been arrested and taken into custody, and until after the automobile had been placed in a garage. In holding that under such circumstances the search of the automobile violated the Fourth Amendment, the Supreme Court in *Preston* stated (p. 368): "At this point there was no danger that any of the men arrested could have used any weapons in the car or could have destroyed any evidence of a crime — assuming that there are articles which can be the 'fruits' or 'implements' of the crime of vagrancy. Cf. *United States* v. *Jeffers,* 342 U. S. 48, 51–52 (1951). Nor, since the men were under arrest at the police station and the car was in police custody at a garage, was there any danger that the car would be moved out of the locality or jurisdiction. See *Carroll* v. *United States, supra,* 267 U. S., [132] at 153. We think that the search was too remote in time or place to have been made as incidental to the arrest and conclude, therefore, that the search of the car without a warrant failed to meet the test of reasonableness under the Fourth Amendment, rendering the evidence obtained as a result of the search inadmissible." Following the rationale and the holding in the *Preston* case, I am constrained to conclude that the judgments should be reversed and a new trial ordered as to both defendants. Furthermore, I cannot agree with the theory of the majority that a *second* arrest of the defendants occurred at the time of their detention in police headquarters *prior* to the search of the automobile. The majority's conjecture that the defendants were twice arrested finds no support in the record. However, even if we may assume that the defendants were rearrested while in custody at police headquarters for the crimes of which they were subsequently convicted, following the search of their persons but prior to the search of their automobile, such arrest would not authorize a search of the automobile which was then parked in the parking lot or garage at police headquarters. Such a search would still have been too remote in time or place to have been made as incidental to that arrest. Thus, under no view of this case, can the search be deemed lawful.